UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSE SABAT ESQUILIN,

    Petitioner,

v.                                    Case No. 4:23-cv-500-MW-MJF

TOWN OF PUERTO RICO,

    Respondent.
                              /

## REPORT AND RECOMMENDATION

Petitioner Jose Sabat Esquilin, proceeding *pro se*, has filed a petition for writ of habeas corpus. Doc. 1. The undersigned concludes that the petition should be dismissed without prejudice because the District Court lacks jurisdiction over Esquilin's custodian.

### I. BACKGROUND

Esquilin is a prisoner of the Puerto Rico penal system currently confined at the Institucion Correccional de Guerreros-304 in Aguadilla, Puerto Rico. Doc. 1 at 1. Esquilin is challenging a judgment and sentence imposed by the Commonwealth of Puerto Rico Court of First Instance, Superior Court, Fajardo in two criminal cases (NSCR 202200033 and

NSCR202200034). Doc. 1 & Attach. Esquilin was convicted in those cases of violating Articles 109 and 5.05 of the Puerto Rico Penal Code. Esquilin was sentenced on April 5, 2022, to 4 years, 6 months, and 1 day of imprisonment. *Id.* & Attach. Esquilin appears to be claiming that he is entitled to sentence credit for time spent in a hospital in Puerto Rico.

## II. DISCUSSION

District courts can grant habeas corpus relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). This requires that the district court have jurisdiction over the petitioner's custodian. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973) (interpreting § 2241(a) as requiring "that the court issuing the writ have jurisdiction over the custodian"); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (jurisdiction over a habeas petition lies in a particular district court only if that court has jurisdiction over the petitioner's custodian).

Esquilin's custodian—and the proper respondent—is the warden of the Institucion Correccional de Guerreros-304 in Aguadilla, Puerto Rico. 28 U.S.C. § 2242 (the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *see also* 28 U.S.C. § 2243

("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Padilla*, 542 U.S. at 435 ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.").

This District Court does not have jurisdiction over the named Respondent ("Town of Puerto Rico") or over the proper respondent (the warden of the Institucion Correccional de Guerreros-304). Esquilin's habeas petition, therefore, must be dismissed without prejudice for lack of jurisdiction.[1] *Padilla*, 542 U.S. at 443. To obtain the relief he seeks, Esquilin must file his habeas petition in the United States District Court for the District of Puerto Rico, and must name as the respondent the "person" who has custody over him.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

---

[1] The fact that Esquilin formerly was a resident of the State of Florida is irrelevant.

1. The petition for writ of habeas corpus, Doc. 1, be **DISMISSED** without prejudice for lack of jurisdiction.

2. The Clerk of Court close this case file.

At Panama City, Florida, this 20th day of November, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. R. 3-1; 28 U.S.C. § 636.**